UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA R. PALAZZOLO,

    Plaintiff,

v.                                              Case No:   6:18-cv-298-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Maria R. Palazzolo appeals to this Court from Defendant, the Commissioner of Social Security's final decision to deny her application for disability insurance benefits. After reviewing the record, including the administrative law judge's ("ALJ") decision, the exhibits, and the joint memorandum submitted by the parties, I respectfully recommend that the Commissioner's final decision be **affirmed.**

### Background[1]

When the ALJ rendered his decision, Plaintiff was fifty-four years old (Tr. 40). She had completed some college and had past relevant work experience as a bank teller and customer service representative (Tr. 26) On February 26, 2014, Plaintiff applied for benefits, alleging a disability onset date of August 29, 2011 (Tr. 36, 168-169). Her claims were denied at the initial and reconsideration levels (Tr. 93-95, 100-104). The ALJ held a hearing on October 3, 2016 (Tr. 36-67), and issued his unfavorable decision on

---

[1] The information in this section comes from the parties' joint memorandum filed on February 8, 2019 (Doc. 20).

November 21, 2016[2] (Tr. 18-35). On December 28, 2017, the Appeals Council denied Plaintiff's request for further review (Tr. 1-6). As a result, the ALJ's decision became the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process that appears in 20 C.F.R. § 404.1520(a)(4). The evaluation process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date through her date last insured (Tr. 23). At step two, the ALJ determined that Plaintiff is severely impaired by degenerative disc disease of the lumbar spine status post L1 compression fracture with wedge deformity (Tr. 23-25). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part

---

[2] In their memorandum the parties state that the ALJ rendered his decision on November 16, 2016 (Doc. 20 at 1). However, the written decision shows that the ALJ actually issued his unfavorable decision on November 21, 2016 (Tr. 30). This inconsistency has no bearing on the merits of Plaintiff's claim and will not be discussed further.

404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, and 404.1526 (Tr. 25). Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to,

> [P]erform a reduced range of light work as defined in 20 CFR 404.1567(b). She can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently, and can sit, stand, and walk for 6 hours each in an 8-hour workday. She an occasionally climb ramps, stairs, ladders, ropes, and scaffolds, stoop, kneel, crouch, and crawl. She can have occasional exposure to vibration and hazards such as unprotected heights and moving machinery.

(Tr. 25). At step four, the ALJ found Plaintiff capable of performing her past relevant work as a teller and a customer service clerk, and therefore, not disabled (Tr. 28-30).

## Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our

judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

Not every error committed by the ALJ necessitates remand. The error will be considered "harmless" and not subject to reversal if the claimant fails to establish prejudice. It is the claimant's burden to show that but for the error, the ALJ would have rendered a favorable disability decision. In other words, the claimant must direct the Court's attention to specific additional evidence that had it been considered, would have resulted in a favorable disability decision. Cf. Snell v. Comm'r Soc. Sec., Case No. 6:12-cv-1542-Orl-22TBS, 2013 U.S. Dist. LEXIS 185166, at *9 (M.D. Fla Dec. 6, 2013) (The ALJ's error must result in prejudice, such that had the ALJ done things differently, the residual functional capacity consideration, and ultimate disability decision, would be different) (citing James v. Astrue, No. 3:11-cv-226-J-TEM, 2012 U.S. Dist. LEXIS, at 6-7 (M.D. Fla. Mar. 12, 2012)). The Eleventh Circuit has determined that even though the ALJ may have a particular duty, "a showing of prejudice must be made before [the court] will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration." Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985).

## Discussion

### A. Treating Physician Opinion

Weighing the findings and opinions of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process. The Eleventh Circuit clarified the standard the Commissioner is required to utilize when

considering medical opinion evidence in Winschel. The court said that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79; see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). "Generally, the opinions of examining physicians are given more weight than non-examining, treating more than non-treating, and specialists on issues within their areas of expertise more weight than non-specialists." Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (internal citations omitted); see also McCloud v. Barnhart, 166 F. App'x 410, 418-19 (11th Cir. 2006) (The court found that the ALJ failed to explain the weight he gave a consulting physician's report and stated that while the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion," the ALJ is, however, "required to state with particularity the weight he gives to different medical opinions and the reasons why.").

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). Good cause to reject exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir.1991).

Plaintiff contends that the ALJ committed reversible error by failing to properly consider and weigh the opinion of Dr. Mark Beckner (Doc. 20 at 6-11). Dr. Beckner evaluated Plaintiff for symptoms related to her back pain. Plaintiff refers to Dr. Beckner as

a "treating physician," but the Court is not convinced that Plaintiff and Dr. Beckner had an ongoing treatment relationship. The 600+ page administrative record contains records for only two visits by Plaintiff to Dr. Beckner, one on February 20, 2012 (Tr. 273-274) and one on May 10, 2012 (Tr. 271-272, 420-421). In an application to the agency, Plaintiff made a passing reference to her first visit with Dr. Beckner being in September 2011 (Tr. 212), but there is no documentation of this office visit in the record. While there is no firm rule on how many examinations constitute an "ongoing relationship," courts in this Circuit have recognized that a physician who saw a claimant only twice was not a treating source. See Caplan v. Comm'r Soc. Sec., Case No. 6:15-cv-1926-Orl-CM, 2017 WL 1030875, at *3-4 (M.D. Fla. Mar. 17, 2017) (A treating physician is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or who has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with the claimant.") (citing Chaney-Everett v. Astrue, 839 F. Supp. 2d 1291, 1303 (S.D. Fla. 2012)); Shopher v. Colvin, Case No, 5:15-cv-48-CJK, 2016 WL 3033732, at *6 (N.D. Fla. May 26, 2016); Motes v. Colvin, Case No. 6:14-cv-1370-MHH, 2015 WL 5693593, at *6 (N.D. Ala. Sept. 29, 2015); Fernandez v. Colvin, Case No. 12-cv-20468-TURNOFF, 2015 WL 12552076, at *8 (S.D. Fla. Mar. 13, 2015); Rollins v. Colvin, No. 4:13-cv-1979-VEH, 2014 WL 3689787, at *5 (N.D. Ala. July 22, 2014); see generally, 20 C.F.R. § 404.1502. Regardless of whether Dr. Beckner is entitled to the deference afforded a treating physician, the ALJ is still required to assign proper weight to his medical opinions. Winschel, 631 F.3d at 1178-79; see also Sharfarz, 825 F.2d at 279.

    On May 10, 2012, Plaintiff saw Dr. Beckner concerning "a flare-up of her back pain." (Tr. 271). She told the doctor "she had to do some extra work at her husband's

restaurant and this aggravated the symptom last weekend." (Id.). The doctor examined Plaintiff and determined that she did "not have symptoms into the legs. She can stand and ambulate with normal strength, gait and no numbness or tingling." (Id.). Radiographs showed that Plaintiff's wedge deformity at L1 "has not changed as compared to films over the last six to eight months." (Id.). After examining Plaintiff Dr. Beckner made the following recommendations:

> We have talked over ways of managing this. I suspect that some of her pain is due to the deformity that has at T12-L1 and the discal changes that have occurred. She might benefit from some instruction in posture body mechanics and core strengthening exercises and I have given her a physical therapy form that she can use if she desires to do that. She also may find that it will improve on its own over the next few weeks. Over-the-counter medicines can be used, heat or ice. She should be careful with repetitive lifting or heavy lifting to try and help resolve this most recent flare-up.

(Id.).

Plaintiff contends that the ALJ committed reversible error by failing to weigh this opinion (Doc. 20 at 6-11). She argues that because the ALJ did not weigh the opinion, it is impossible to know how it factored into her RFC assessment (Id.). While it is true that the ALJ did not assign any weight to Dr. Beckner's opinion, the ALJ did discuss this medical evidence in his decision (Tr. 26). More importantly, the ALJ's error was harmless. Dr. Beckner told Plaintiff to be careful if she did any repetitive or heavy lifting. When the ALJ formulated Plaintiff's RFC he restricted her to light work, finding that she could only "lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently" (Tr. 25). Plaintiff has not shown any conflict between the doctor's advice and her RFC, let alone explain how the doctor's recommendation that Plaintiff "be careful with repetitive or heavy lifting" would have resulted in the formulation of a more restrictive RFC for her.

Dr. Beckner did not impose any restrictions on Plaintiff. He told her she could use over-the-counter remedies, suggested that she get some "instruction in posture body mechanics and core strengthening exercises," and said to be careful. Radiology showed that Plaintiff's condition was unchanged from six to eight months earlier, and despite her back pain, she could still "stand and ambulate with normal strength, gait and no numbness or tingling" (Tr. 271). Plaintiff has failed to show how the ALJ's failure to assign weight to this evidence prejudiced her. This is fatal to her request for remand. See Kelly, 761 F.2d at 1540 (citing Smith, 677 F.2d at 829); Ware, 651 F.2d at 413-414; Morales, 2017 WL 4297280, at *3. It is well settled that an administrative error does not warrant reversal unless the plaintiff establishes that she was prejudiced by the mistake. See Kelly v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985) ("[A] showing of prejudice must be made before we will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration.") (citing Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982); Ware v. Schweiker, 651 F.2d 408, 413-414 (5th Cir. Unit A 1981)); Morales v. Comm'r Soc. Sec., Case No. 6:16-cv-1303-Orl, TBS, 2017 WL 4297280, at *3 (M.D. Fla. June 6, 2017). In other words, a plaintiff must show that but for the ALJ's mistake, the evaluation of the cumulative evidence would have resulted in a favorable disability decision. Cf. Snell v. Comm'r Soc. Sec., Case No. 6:12-cv-1542-Orl-22TBS, 2013 U.S. Dist. LEXIS 185166, at *9 (M.D. Fla Dec. 6, 2013) (The ALJ's error must result in prejudice, such that had the ALJ done things differently, the residual functional capacity consideration, and ultimate disability decision, would be different); Gallegos v. Comm'r Soc. Sec., Case No. 6:17-cv-620-Orl-40TBS, 2018 U.S. Dist. LEXIS 75771, at *11 (M.D. Fla. April 19, 2018); Duran v. Comm'r Soc. Sec., Case No. 6:17-cv-428-Orl-40TBS, 2018 U.S. Dist. LEXIS 27571, at *11 (M.D. Fla. Feb. 5, 2018).

### B. Plaintiff's Subjective Complaints

Plaintiff also argues that the ALJ's credibility determination is not based on substantial evidence because he relied on boilerplate language and failed to offer any specific reasons for undermining Plaintiff's testimony (Doc. 20 at 15-17).

In the Eleventh Circuit, "[i]n order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)); Singleton v. Comm'r Soc. Sec., No. 6:12-cv-683-Orl-GJK, 2013 WL 5236678, at *5 (M.D. Fla. Sept. 17, 2013); see also SSR 96-7P, 1996 WL 374186, at * 2 (July 2, 1996). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." Id.

Here, the ALJ employed the boilerplate credibility finding which appears in almost every Social Security case that makes its way to this Court:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 26). In addition, the ALJ evaluated Plaintiff's subjective assessment of her symptoms against essentially normal longitudinal treatment notes, a history of conservative treatment, the lack of evidence of hospitalization, and Plaintiff's testimony about helping her husband in his restaurant:

> After a review of the record for the period in question as summarized above and in assessing the claimant's allegations, the [ALJ] has paid particularly close attention to the claimant's allegations of pain and other discomfort, and any significant vocational limitations that could be associated reasonably with the claimant's alleged symptoms. In evaluating the function[al] limitations resulting from the claimant's pain, the undersigned has considered all evidence in the record regarding the overt symptoms typical of disabling pain. It is noted that the record does not reflect many of these symptoms were present. There is no evidence that the claimant experienced severe muscle weakness, atrophy, deformity, or swelling. While the record reflects some tenderness and spasm, these symptoms did not appear severe. The claimant had no complaints of joint stiffness and range of motion limitations were not severe.
>
> The claimant was treated conservatively and there is no evidence of prolonged medication treatment. In fact, the record reflects the claimant's medication treatment was intermittent. There is no evidence that the claimant was prescribed an assistive device for ambulation, and notes reflect her gait was normal … There is no evidence in the record that the claimant had frequent emergency room visits or inpatient hospitalizations with complaints of pain or other discomfort. It is also noted that the claimant testified that during this time she assisted her husband in his restaurant and would sometimes work as a hostess.

(Tr. 27-28). This is a sufficiently specific articulation of the ALJ's reasons for his adverse credibility decision.

## Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Commissioner's final decision in this case be **AFFIRMED,** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

      **RECOMMENDED** in Orlando, Florida on April 8, 2019.

                                          THOMAS B. SMITH
                                          United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record